JOSEPH & THOS. FISHER *v*. JOHN H. RYAN.

[Abstract Kentucky Law Reporter, Vol. 7—95.]

### Construction of Contemporaneous Deeds.

Where a husband owning real estate conveys it to another who takes it as the husband's trustee for the purpose of conveying it to

the wife, and the deed to the trustee and by the trustee are made at the same time, they must be construed together, and when the wife is not present and the husband has the trustee to insert in the deed made to the wife a clause that if the wife should die without having disposed of said property, it should return to him, and the wife dies the owner of such property prior to the death of her husband, the real estate will revert to the husband.

## APPEAL FROM LOUISVILLE CHANCERY COURT.

### May 2, 1885.

OPINION BY JUDGE PRYOR:

John H. Ryan, owner in fee of a house and lot in the city of Louisville, on the 18th of February, 1870, conveyed to one Cornelius J. Annis in consideration of one dollar in hand paid, and for the additional consideration, or for the expressed intention that Annis, the grantee, would convey it to Ellen Ryan, the wife of the grantor, John H. Ryan.

"On the said, viz.: the 18th day of February, 1870, Annis conveyed the land to Ellen Ryan expressing the consideration of one dollar in hand paid, and to carry out the intention expressed in the deed that day made by John H. Ryan to Annis. The deed from Annis to Mrs. Ryan conveyed to the latter the house and lot with perfect right to sell or dispose of it by deed or will as if she was a feme sole, but should she die without making such disposition of it, then the same is to go and belong to John H. Ryan, husband of the said Ellen Ryan."

The wife, Ellen, died in the year 1880 and her husband died in the year 1882. They left no children, and the executors of Ryan under a power vested in them by his will sold the house and lot to Phipps and wife.

The next of kin to Mrs. Ryan claim that she was the owner in fee of the property by reason of the conveyance made by her husband to Annis and by Annis to Mrs. Ryan, insisting that the conveyance to Annis gave him no right to limit the estate of the wife or convey to her any other interest than the fee simple title. It is also alleged that Annis, being a mere trustee, had made this restriction as to the right of his wife in the conveyance to her by mistake.

It appears from the testimony of the trustee, Annis, that the wife was not present when the conveyances were executed, and so far as appears from the record was ignorant at the time of the execution of either conveyance.

The conveyances were placed on record and the wife held under them until her death, which occurred ten years after their execution.

It is evident that the conveyances were executed at the same time and at the voluntary instance of her husband, who designed to make provisions for his wife. No other consideration or purpose appears and as the wife was no party to the deeds except as directed by the husband, and they refer the one to the other, it is proven that they should be regarded as one instrument and construed as one. The power to convey had been given by one instrument to Annis, and the husband doubtless considering what would become of the realty, if the wife died without making any disposition of it leaving heirs surviving, directed the clause to be inserted that upon such a contingency the realty should return to him. That they were both executed at the same time, and were made to express the intention of the grantor, who was the husband, we think is clear. The wife had no interest except what she derived from the deed made by Annis, and if the latter had declined to execute the trust in the manner set forth in the deed to the wife, the conveyance vesting him with the title would not have been delivered to him by John Ryan. This is the rational and natural result of the action by the husband with reference to the house and lot and the wife holding under the deed for ten years and having acquired title in no other way must be presumed to have accepted it with the limitations or restrictions upon her right as appears from the fact of that instrument. The two instruments or deeds when considered together show the plain intention of the maker. It was John Ryan making the two deeds to his wife, the one through the intervention of a trustee. He advised Annis to make the deed and vested him with title for that purpose and to make it as he, Ryan, directed. That Ryan desired to secure his wife and give her this property is evidenced by both his deed and his will, but it is unreasonable to suppose that, in the event of her first dying without disposing of the property, he intended the realty to pass to her collateral kindred to the exclusion, not only of his own blood, but of himself. The two deeds were doubtless written, delivered and recorded together as expression of John Ryan's in-

28

tention and not that of Annis, or Mrs. Ryan, for it was the husband creating the trust and directing the manner of the holding. They should be considered as one, by reason of their direct reference to each other, and circumstances attending the execution of both instruments.

That the husband intended the wife to have the absolute right and disposal, if she desired, does not militate against this construction, as he was doubtless satisfied that if she died first she would not take it from him. She held under the deed for ten years and made no disposition of this realty but left it to pass to the husband, as was intended by the instrument under which she acquired title.

Judgment *affirmed*.

*Wm. Lindsay, Jno. C. Walker, for appellant.*

*Isaac Caldwell, W. W. Thum, Goodloe & Roberts, for appellee.*